UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAIQUAN K. FALLS,

                        Plaintiff,

            -against-

EASEL RIVERA; ANGELO YONNONE;
HUMBERTO PEREZ; MICHAEL ASHBURY,

                        Defendants.

25-CV-5996 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when they arrested and prosecuted him. Named as Defendants are Newburgh Police Department ("NPD") Officer Easel Rivera, NPD Sergeant Angelo Yonnone, NPD Detective Humberto Perez, and NPD Detective Michael Ashbury. By order dated September 15, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following allegations are drawn from the complaint.[2] On or about August 2, 2022, Defendants Rivera and Yonnone arrested Plaintiff on a sidewalk in Newburgh, New York. Plaintiff alleges that he was arrested "pursuant to a facially valid bench warrant from the Town of Newburgh Court and City of Newburgh Court . . .  on a parole warrant." (ECF 1, at 6.)

Plaintiff alleges that the "only moments [of the arrest] that were not captured on camera was the first 5-10 seconds" during which Rivera placed him in handcuffs. (*Id.* at 3.) During this 5-10 seconds, Rivera "planted the small plastic baggie of drugs on [Plaintiff's] person somewhere in his shirt, in between his handcuffs and his wrist of his left or right wrist or in his back waist side area."[3] (*Id.*) As Rivera escorted Plaintiff to the patrol vehicle, a plastic bag "dropped or fell from the back of Plaintiff's person." (*Id.* at 4.) Plaintiff maintains that the video did not clearly show the object falling and Yonnone's view of the bag was obscured. Yonnone recovered the plastic bag, and Plaintiff was transported to the police precinct.

Yonnone tested and weighed the "chunk-like white substance" that was inside the plastic bag and identified it as crack cocaine, weighing approximately 3.8 grams. (*Id.* at 5.) Plaintiff describes how Defendants Ashbury and Perez transferred and processed the bag and its contents. Specifically, he alleges that Perez "did knowingly make, devise, prepare, produce and/or offer an 'additional unspecified amount' of false physical evidence identified as 'loose substance' which possibly weighed an additional 2 grams, which he and/or [Ashbury] falsely ommitted on the

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

[3] While Plaintiff says here that it was Rivera who planted the plastic bag on him, at another point in the complaint, he alleges that "Yonnone had placed the plastic baggie into his shirt or between the handcuffs or waistline of his pants." (*Id.* at 4.)

crime laboratory evidence submission form in writing." (*Id.*) Ashbury indicated that the aggregate weight of the substances recovered was 5.8 grams.

Plaintiff asserts that Rivera and Perez "made false allegations in their individually filed police reports and the criminal accusatory instrument, which stated that they observed the plastic baggie drop or fall from out of Plaintiff['s] . . . hands at the time of his arrest which was forwarded to the prosecutor." (*Id.* at 6.)

Plaintiff remained in custody on the charges for which the warrants were issued and on the parole violation charges; he was not arraigned on the drug possession charges at that time. On October 12, 2022, Plaintiff was released from custody, and remained at liberty until December 28, 2022. On that date, Plaintiff was "re-arrested on a bench warrant for the charges out of the Town of Newburgh and charged with bail jumping in the third degree." (*Id.*) Sometime between December 28, 2022, and January 25, 2023, Plaintiff was indicted on a charge of criminal possession of a controlled substance in the fifth degree.

Plaintiff describes what he asserts are false statements made by Defendants and others during the grand jury proceedings and Plaintiff's criminal trial, mostly related to their witnessing the bag being dropped by Plaintiff, the processing of the substance inside the bag, and their final reports. (*See id.* at 7-10.) Plaintiff alleges that "[t]hese fabricated and false reports along with additional false testimony presented by the Defendant police officers were inadmissible[4] as evidence at the Plaintiff's jury trial, which also contributed or influenced the jury's verdict of guilty." (*Id.* at 10.)

---

[4] Plaintiff presumably means to say that the reports and testimony were "admitted" as evidence in his trial.

Plaintiff also alleges that the trial court judge "played some part in influencing the jury's verdict of guilt" by permitting "fabricated evidence" to be admitted, failing to instruct the jury on the availability of a lesser included offense, and failing to provide the jury with "readback testimony" that was requested during the jury's deliberations. (*Id.*)

On August 11, 2023, Plaintiff was convicted of the drug charge and sentenced to four years' imprisonment, followed by two years' post-release supervision. Plaintiff does not state whether he appealed his conviction in the state court, and there is no public record of Plaintiff having appealed his conviction or of the appellate court ruling on such an appeal.

Plaintiff enumerates claims for conspiracy to falsely arrest and falsely imprison him, conspiracy to fabricate evidence, conspiracy to "abuse the legal and/or criminal prosecution process"; conspiracy to deprive him of the right to due process in a criminal proceeding, and conspiracy to deny him the right to equal protection in a criminal prosecution. (*Id.* at 13.)

Plaintiff seeks $10 million in damages.

## DISCUSSION

Although Plaintiff asserts only claims for conspiracy to violate his federal constitutional rights, in light of his *pro se* status, the Court will liberally construe the complaint as also asserting claims under 42 U.S.C. § 1983 that the defendants violated the constitutional rights underlying his conspiracy claims.

### A.   False arrest

A claim for false arrest under Section 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding

that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Put another way, police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken.

An arrest pursuant to a warrant is presumed to be reasonable under the Fourth Amendment because such warrants are issued only after a showing of probable cause. *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007); *see Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner[.]"). A plaintiff may rebut the presumption of probable cause and state a false arrest claim "only if he alleges facts suggesting that the arrest warrant was facially invalid or that it was procured through fraud, perjury, or the misrepresentation or falsification of evidence." *Vasquez v. Reilly*, No. 15-CV-9528 (KMK), 2017 WL 946306, at *7 (S.D.N.Y. Mar. 9, 2017).

Here, Plaintiff alleges that he was arrested on two occasions: once on August 2, 2022, and again on December 28, 2022. Plaintiff states, however, that, in each instance, he was arrested pursuant to a warrant. On August 2, 2022, he was arrested "pursuant to a facially valid bench warrant from the Town of Newburgh Court and City of Newburgh Court . . . and a parole warrant." (ECF 1, at 6.) On December 28, 2022, Plaintiff was "re-arrested on a bench warrant for the charges out of the Town of Newburgh. (*Id.*) Plaintiff alleges no facts suggesting that either warrant was facially invalid or that it was obtained through fraud, perjury, or the misrepresentation or falsification of evidence. Because Plaintiff was arrested pursuant to a valid warrant, and therefore with probable cause, the Court dismisses his false arrest claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

The Court grants Plaintiff leave to replead his false arrest claims in an amended complaint that alleges facts suggesting that he was arrested pursuant to a facially invalid warrant or that the warrant was obtained through fraud, perjury, or the fabrication of evidence.

**B.      Claims barred by *Heck v. Humphrey***

The Court understands Plaintiff to also be asserting claims for damages under Section 1983 for malicious prosecution, fabrication of evidence, abuse of process, and that he was convicted without due process and in violation of the Equal Protection Clause. Such claims, however, are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

> In *Heck*, the Supreme Court held that to recover monetary damages for:
>
> [an] allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted) (emphasis in original); *see Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (per curiam) (affirming dismissal under *Heck* of Section 1983 claims alleging that police officers "committed numerous acts of perjury and coerced witnesses to wrongfully identify [plaintiff]," and noting that "these allegations, if proven, would have rendered [plaintiff's] conviction invalid").

Here, Plaintiff's claims that Defendants fabricated or planted the evidence on which he was convicted and prosecuted him without probable cause, and that his criminal trial violated his rights to due process and equal protection, if successful, would necessarily undermine his conviction. *Heck* therefore bars Plaintiff's claims for money damages. Before seeking relief under Section 1983, Plaintiff must show "that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. *Heck*, 512 U.S. at 487. Plaintiff has not done so; he does not allege that he appealed his conviction in the state courts and that any such appeal was

8

successful. The Court therefore dismisses these claims, without prejudice, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Conspiracy claims

Plaintiff asserts claims under 42 U.S.C. § 1983 that Defendants conspired to violate his federal constitutional rights. To state a claim of conspiracy under Section 1983, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

Vague and unsupported assertions of a claim of conspiracy are insufficient to state a claim upon which relief can be granted. *See*, *e.g.*, *Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003). Moreover, a conspiracy claim under Section 1983 requires a plaintiff to state an underlying violation of constitutional rights. *See Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) ("Because [plaintiff] was unable to establish an underlying violation of his constitutional rights . . . his conspiracy . . . necessarily fail[s] as well."); *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails."). As explained above, Plaintiff has failed to allege an underlying violation of his civil rights. "[I]t follows that he cannot sustain a claim of conspiracy to violate those rights." *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000). The Court therefore dismisses Plaintiff's conspiracy claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim for false arrest, the Court grants Plaintiff 30 days' leave to amend his complaint to address the deficiencies identified above, or chosen portions.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

10

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    January 7, 2026
          New York, New York

_____
                                   LOUIS L. STANTON
                                   U.S.D.J.

11